Ducker, Judge:
Doran Frame, doing business as Doran Electrical Contractors in the City of Charleston, West Virginia, was between February *81 24, 1964 and December 10, 1964, employed by the State Road Commission to perform various electrical services and furnish necessary materials for the State Road Commission upon the latter’s property at various locations throughout the city of Charleston. Invoices or statements itemizing in detail the electrical services rendered and the materials furnished for the State Road Commission by the claimant at the various locations of the quarters or properties of the Commission are filed with and attached to the petition of the claimant, numbering some 19 different invoices in varying amounts ranging from $42.57 to $492.50 with a total of all said invoices amounting to $3,801.73. The claimant was advised on January 12, 1967 by the Director of the Department of Finance and Administration that that Department had received the invoices representing this claim which had been returned to it from the Division of Purchases, and that the Division of Purchases had refused payment of the claim because West Virginia Code, Section 17, Article 3, Chapter 12, prohibits the payment of claims incurred by officers without any legislative appropriation in the fiscal year for such payment. The claim was subsequently, on May 8, 1967, filed with the Attorney General, and as the same was pending before the Attorney General upon the effective date of the creation of this Court, the claim was forwarded to this Court for consideration and decision.
There is no dispute as to either the accuracy or the justness of the claim presented, and the State Road Commission, by its Director of the Legal Division, has stipulated that on the basis of his investigation, the facts presented in the petition are true, and that the amount claimed is reasonable. The only apparent reason for the denial of the claim by the State is the lack of compliance by the state officers with the statutory requirements for the prior appropriation for the purchase of the material and the employment of labor in this connection. While we do not wish to encourage or override the statutory provisions, we are of the opinion that the fault in this connection is so chargeable to the state officers in employing such services that the persons employed should not be denied fair compensation for the services and materials furnished by them, the benefit of all of which has been enjoyed by the State.
*82 We are therefore of the opinion that there is a moral obligation on the part of the State to pay this claim, and, accordingly, we hereby award to the Doran Frame, doing business as Doran Electrical Contractors, the sum of $3,801.73.
Claim Allowed.